In a proceeding to stay arbitration, petitioner appeals (1) from an order of the Supreme Court, Nassau County, dated December 10, 1975, which denied the application and (2), as limited by its brief, from so much of a further order of the same court, dated January 9, 1976, as, upon reargument, adhered to the original determination. Appeal from the order dated December 10, 1975 dismissed, without costs or disbursements. That order was superseded by the order of January 9, 1976. Order dated January 9, 1976 affirmed insofar as appealed from, without costs or disbursements. The doctrine of res judicata is not applicable to this dispute, since the issues decided in the previous arbitration proceeding are not identical with the issues involved in the present proceeding (see Hinchey v Sellers, 7 NY2d 287). How the shortened work schedule is to be applied to an employee on terminal leave is not identical with the questions posed in the prior arbitration proceeding, namely, how the shortened schedule was to be applied with respect to the holiday schedule or with respect to the night differential pay schedule. Incidentally, it was applied differently to each of the situations presented in the prior arbitration proceeding. Gulotta, P. J., Hopkins, Latham, Margett and Shapiro, JJ., concur.